# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JIMMIE KOREA DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.  2:16-cv-01462-MHH-TMP |
| JOHN PAUL WEBER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report on February 9, 2017, recommending this action be dismissed with prejudice for failing to state a claim upon which relief can be granted and for being barred by the two-year statute of limitations for such actions.  (Doc. 8).   The plaintiff has filed objections to the report and recommendation.  (Doc. 9).

In his objections, Mr. Davis argues that *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), does not bar his § 1983 claims for monetary damages.  (Doc. 9, p. 1).  He relies upon *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67-69 (2009), to support his position.  Mr. Davis's reliance upon *Osborne* is misplaced.  In *Osborne*, the Supreme Court "assume[d] without deciding that the Court of Appeals was correct that *Heck*" did not bar prevent "a convicted state prisoner seeking DNA testing of crime-scene evidence" from

"assert[ing] that claim in a civil rights action under 42 U.S.C. § 1983." *Skinner v. Switzer*, 562 U.S. 521, 524 (2011).  Later, the Supreme Court answered the question directly, holding "that a postconviction claim for DNA testing is properly pursued in a § 1983 action." *Skinner*, 562 U.S. at 525.  The Supreme Court reasoned that "a judgment that simply orders DNA tests" cannot "'necessarily impl[y] the unlawfulness of the State's custody'" because "[s]uccess in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive." *Id.* (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)).

Unlike the plaintiff in *Osborne*, Mr. Davis is seeking "unspecified declaratory relief and monetary damages" against the defendants for conspiring to create a fraudulent indictment charging him with two counts of trafficking in cocaine.  (Doc. 1 at 4-6).  As stated by the magistrate judge, Mr. Davis "was convicted later in 2001 of two counts of 'trafficking' cocaine even though the grand jury had 'no billed' the trafficking charges and had charged him only with 'selling' cocaine."  (Doc. 8 at 4).  These facts make clear that a judgment in Mr. Davis's favor for damages would implicate the validity of his criminal convictions. *See Pugh v. Smith,* 333 Fed. Appx. 478, 480 (11th Cir. 2009) (quoting *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995) ("A plaintiff seeking relief based on the premise that he 'was the victim of an unconstitutional conspiracy to falsely

convict him' is merely attempting to overturn his conviction and is barred by *Heck* from proceeding.")).  "Habeas is the exclusive remedy" for the plaintiff's claims. *Skinner*, 562 U.S. at 525; *Dotson*, 544 U.S. at 78 (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'")).

Mr. Davis also argues that the two-year statute of limitations should not bar his § 1983 action because the limitations period "should have" been "tolled while he was exhausting his available state remedies."  (Doc. 9, p. 2) (quoting *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) ("the statute of limitations which applied to the prisoner's civil rights action was tolled for the period during which his available state remedies were being exhausted.")).  In his complaint, Mr. Davis acknowledges that he did not attempt to seek relief from his state court convictions until June 2015.  (Doc. 1 at 5).  By June 2015, Mr. Davis's § 1983 action – which the magistrate judge correctly concluded accrued in 2001 (Doc. 8, p. 6) – had long since expired.  Consequently, there was nothing to toll in 2015.

Having carefully reviewed and considered the materials in the court record, including the report and recommendation, and the objections to the report, the Court adopts the magistrate judge's report and accepts his recommendation. Therefore, in accordance with 28 U.S.C. § 1915A(b), the Court will dismiss this

3

action for failure to state a claim upon which relief can be granted and for being barred by the two-year statute of limitations for such actions.

A Final Judgment will be entered.

**DONE** and **ORDERED** this February 28, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE